IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Joseph Queen, ) | Case No. 6:22-cv-4193-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Waffle House, Inc.; Rocky Mobley, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court on an amended motion to remand filed by Plaintiff [Doc. 35], a motion to dismiss and/or strike the Second Amended Complaint filed by Defendant Waffle House, Inc. ("Waffle House") [Doc. 37], and a motion to dismiss and/or strike the Second Amended Complaint filed by Defendant Rocky Mobley ("Mobley") [Doc. 57]. Having reviewed the motions, responses, replies, and applicable case law, the Court concludes that it does not have subject matter jurisdiction over this action and, therefore, remands the case to the Greenville County Court of Common Pleas.

## BACKGROUND

Plaintiff filed this case in the Greenville County Court of Common Pleas on August 15, 2022. [Doc. 1-1.] The original Complaint named Waffle House and Josh Cartwright as Defendants and alleged that Plaintiff is a citizen and resident of North Carolina, Waffle House is organized and exists under the laws of the state of South Carolina,[1] and

---

[1] The Court notes that Waffle House, Inc. claims to be a corporation organized and existing under the laws of the state of Georgia with a principal place of business in the state of Georgia. [Doc. 27 ¶ 4.]

Cartwright is, upon information and belief, a citizen and resident of South Carolina. [*Id.* ¶¶ 1–3.] It alleged that, on August 3, 2021, Plaintiff was on Waffle House's property located at 18 Roper Mountain Road in Greenville, South Carolina, and encountered a very dangerous condition, namely an unsafe drop-off/ledge with no warnings or guardrail; that this latent defect and dangerous condition on the premises caused Plaintiff to fall and suffer numerous severe injuries; that Waffle House and Cartwright had actual or constructive notice of the hazard; that Cartwright actively participated in, directed, and sanctioned the actions that resulted in the creation and existence of the hazardous condition and failed to warn of the hazardous condition; that Waffle House and Cartwright are liable for Plaintiff's injuries based on their negligence and gross negligence; and that Plaintiff is entitled to actual and punitive damages as well as all other relief that may be proper. [*Id.* ¶¶ 6, 7, 11, 13–15, 17.]

On November 22, 2022, Waffle House removed this action to this Court, asserting that removal was proper based on diversity jurisdiction because Cartwright, who had not been served, was a nominal or sham defendant who had been fraudulently joined for the sole purpose of preventing removal of this action to federal court. [Doc. 1 ¶¶ 3–4.] On December 21, 2022, Plaintiff moved to remand this matter to state court. [Doc. 10.] And on February 15, 2023, Plaintiff moved to amend the Complaint to replace Cartwright with "John Doe, Manager" as a defendant based on information Plaintiff allegedly learned during litigation and to correct a typographical error by changing Plaintiff's citizenship and state of residence to South Carolina. [Doc. 16 at 1.]

On May 17, 2023, the Honorable Donald C. Coggins, Jr. granted Plaintiff's motion to amend, noting that "[w]hile [Waffle House] generally does not oppose [Plaintiff's]

2

request to amend his Complaint, the company is not precluded from filing any appropriate motion or raising any argument regarding the propriety of the newly named co-defendant once he or she has been identified." [Doc. 24.] Judge Coggins also entered a text order (the "May 2023 Order") denying the motion to remand without prejudice, indicating, among other things,

> because new information has come to light that Plaintiff is a citizen and resident of the State of South Carolina, that Defendant Josh Cartwright was not the restaurant's manager at the time of Plaintiff's injury, and Plaintiff seeks to amend his Complaint to correct his citizenship and to substitute John Doe for this defendant, Plaintiff is granted leave to refile a renewed motion to remand based upon the amended complaint if facts are discovered as to the identity, citizenship, and actions or omissions of the actual manager employed at the time of Plaintiff's injury which could warrant a new challenge to the Court's jurisdiction.

[Doc. 23.] On May 30, 2023, Plaintiff filed an Amended Complaint naming "John Doe, Manager" in place of Defendant Cartwright and correcting Plaintiff's citizenship and state of residence. [Doc. 25.]

In November 2023 discovery responses, Waffle House identified Mobley as the unit manager of the restaurant in question at the time of the incident. [Doc. 40-1 at 4.] On December 15, 2023, Plaintiff filed a Second Amended Complaint that substitutes Mobley as a defendant in place of "John Doe, Manager" and alleges that Mobley is, upon information and belief, a citizen and resident of South Carolina. [Doc. 34 ¶ 3.] The same day, Plaintiff also filed an amended motion to remand based on a lack of diversity of citizenship between the parties. [Doc. 35.] On December 29, 2023, Waffle House filed a motion to dismiss and/or strike the Second Amended Complaint. [Doc. 37.] This matter was reassigned to the undersigned on February 14, 2024 [Doc. 50], and, on April 1, 2024,

3

Mobley filed a motion to dismiss and/or strike the Second Amended Complaint [Doc. 57]. The parties have filed responses and replies regarding the three pending motions [Docs. 39; 40; 42; 44; 59; 60], and they are all ripe for review.

## APPLICABLE LAW

**Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). In this case, Defendants' notice of removal alleged that removal was proper because the district court has diversity jurisdiction to hear Plaintiff's claims under 28 U.S.C. § 1332, which grants district courts "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity of all parties, which exists where "no party shares common citizenship with any party on the other side." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999).

**Remand**

Remand of a case to state court following removal is governed by 28 U.S.C. § 1447, which provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "Because removal jurisdiction raises significant federalism concerns, [courts] must

4

strictly construe removal jurisdiction." *Id.* Thus, remand is necessary if federal jurisdiction is doubtful. *Id.*

**Fraudulent Joinder and Amendment to Join a Nondiverse Defendant**

The fraudulent joinder doctrine permits a defendant to remove a case to federal court based on diversity jurisdiction despite the presence of another nondiverse defendant. *Mayes*, 198 F.3d at 461. To establish fraudulent joinder, the removing party must show either "outright fraud in the plaintiff's pleading of jurisdictional facts" or that "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (internal quotation marks omitted). As to the latter showing, the party asserting fraudulent joinder "bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under [Rule] 12(b)(6)" of the Federal Rules of Civil Procedure." *Id.*

Rule 15(a) provides, with exceptions that are inapplicable here, that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Additionally, leave of court is required when a plaintiff seeks to join a nondiverse defendant after a case has been removed. As the Fourth Circuit has explained:

> When a plaintiff seeks to join a nondiverse defendant after the case has been removed, the district court's analysis begins with 28 U.S.C. § 1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or

5

> permit joinder and remand the action to the State court." These are the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case.

*Mayes*, 198 F.3d at 461–62 (footnote omitted).[2] In exercising its discretion under Section 1447(e), a district court may consider all relevant factors, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 462 (internal quotation marks omitted). And, "if the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Id.* at 463.

---

[2] In a footnote following this passage, the Fourth Circuit further explained the interplay of the various joinder rules and 28 U.S.C. § 1447(e):

> Reading Rule 15(a) in connection with [Rules] 19 and 21, and 28 U.S.C. § 1447(e), resolves any doubts over whether the district court has authority to pass upon any attempts—even those for which the plaintiff needs no leave of court—to join a nondiverse defendant. *See* 28 U.S.C. § 1447(e) ("the court may deny joinder, or permit joinder"); *see also* Fed.R.Civ.P. 19(a) ("A person who is subject to service of process and *whose joinder will not deprive the court of jurisdiction* over the subject matter of the action shall be joined as a party . . . ") (emphasis added); Fed.R.Civ.P. 21 ("Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just.") Thus, a district court has the authority to reject a post-removal joinder that implicates 28 U.S.C. § 1447(e), even if the joinder was without leave of court.

*Mayes*, 198 F.3d at 462 n.11.

**DISCUSSION**

Waffle House argues that the Second Amended Complaint should be stricken for two reasons: first, Plaintiff did not obtain leave of court or written consent of all adverse parties before filing the Second Amended Complaint; and second, even if such leave or consent would not otherwise have been required, Plaintiff circumvented the proper procedure for naming a nondiverse defendant after removal because he did not file a motion to amend or join a new nondiverse defendant. [Doc. 37.] Based on its contention that the filing of the Second Amended Complaint was unauthorized, Waffle House further maintains that Plaintiff's amended motion to remand should be denied. [Doc. 39 at 2.] Waffle House also argues that Plaintiff failed to demonstrate service of process on Mobley and that a case cannot be remanded for joinder of a nondiverse party following removal until the newly joined nondiverse party has been properly served. [*Id.* at 3.] And, Waffle House contends that the May 2023 Order granted Plaintiff leave to file an amended motion to remand under certain conditions not met here. [*Id.* at 3–4.] Finally, Waffle House argues that Plaintiff's amended motion to remand should be denied under the fraudulent joinder doctrine because Mobley is a sham defendant. [*Id.* at 4–5.]

Mobley joins in Waffle House's arguments and moves to dismiss and/or strike the Second Amended Complaint. [Doc. 57-1 at 4–6.] Mobley also argues that the Second Amended Complaint is subject to dismissal for improper process, insufficiency of service of process, and lack of personal jurisdiction under Rules 12(b)(4), 12(b)(5), and 12(b)(2) of the Federal Rules of Civil Procedure because the Court has never issued a summons as to Mobley and he has not been served with one. [*Id.* at 3.]

As will be explained, the Court concludes that Defendants are correct that Plaintiff was required to seek leave of court before filing his Second Amended Complaint, which adds a nondiverse defendant. However, upon review, the Court concludes that Plaintiff should be granted leave retroactively to file the Second Amended Complaint and, because the Second Amended Complaint adds a nondiverse defendant, the Court grants Plaintiff's amended motion to remand.

**Plaintiff was not authorized to file the Second Amended Complaint**

Plaintiff maintains that the May 2023 Order granted Plaintiff leave to amend the Amended Complaint to identify the "newly named co-defendant once he or she had been identified." [Doc. 59 at 2 (internal quotation marks omitted).] The Court disagrees.

The May 2023 Order granted Plaintiff leave to file a renewed motion to remand if his Complaint were amended based on discovery of "the identity, citizenship, and actions or omissions of the actual manager employed at the time of Plaintiff's injury" and such amendment "could warrant a new challenge to the Court's jurisdiction." [Doc. 23.] Although the May 23 Order plainly contemplated the possibility that such an amendment would occur, the Court did not suggest that Plaintiff would not be required to follow the normal procedural rules to accomplish the amendment. Accordingly, the Court agrees with Defendants that Plaintiff's filing of his Second Amended Complaint without written consent of the opposing parties or leave of court violated both Rule 15 and the rule established by *Mayes* describing the procedure for adding a nondiverse defendant following removal.

8

**Plaintiff is entitled to retroactive leave to amend and the Court grants Plaintiff's renewed motion to remand**

Having concluded that the filing of the Second Amended Complaint was unauthorized, the Court nonetheless notes that no purpose would be served by striking the pleading and requiring Plaintiff to file a motion for leave to re-file it.  Defendants have long been aware that Plaintiff would likely amend his Amended Complaint if he discovered the identity of the manager at the time of his injury.  Defendants have not claimed that they have been prejudiced in any way by Plaintiff's procedural misstep, and there is no indication that the error was anything other than a good-faith mistake.  Accordingly, the Court considers whether leave should be granted retroactively for Plaintiff to file the Second Amended Complaint.  *See James River Mgmt. Co. v. Kehoe*, No. 3:09-cv-387, 2009 WL 3874167, at *7 (E.D. Va. Nov. 18, 2009) ("First, it is necessary to assess whether this amendment was within the scope of the leave to amend. If not, it is necessary to assess the propriety of granting such leave retroactively . . . , pursuant to Rule 15(a)'s directive that '[t]he court should freely give leave when justice so requires.'" (second alteration in original)).

The only change between the allegations of the Amended Complaint [Doc. 25] and those of the Second Amended Complaint [Doc. 34] is that Mobley is substituted for "John Doe, Manager" throughout the Second Amended Complaint.  The Court concludes that the relevant factors outlined in *Mayes*, considered together, favor allowing the amendment to name a nondiverse defendant.  First, every indication is that Plaintiff has intended from the filing of his original Complaint in state court to name as a defendant the manager of the Waffle House where he was injured, although he incorrectly identified that person as Josh Cartwright in his original Complaint.  [Doc. 1-1.]  He filed the Second

9

Amended Complaint based on his learning the manager's true identity.  *See Boatwright v. Beazer Homes USA, Inc.*, No. 4:09-cv-01268-RBH, 2009 WL 4808586, at *3 (D.S.C. Dec. 9, 2009) (finding that "new information" discovered by the plaintiff was "a legitimate reason for [the plaintiff] to now seek amendment of his original complaint").  Although it is possible that Cartwright and then Mobley were named as defendants as an attempt to keep this case out of federal court, Defendants have offered no reason why the Court should conclude that Plaintiff is not genuinely attempting to establish Mobley's liability.

Second, Defendants have not shown that Plaintiff's amendment to add Mobley was dilatory.  Defendants do not dispute that Plaintiff discovered Mobley's identity through Waffle House's interrogatory responses in November 2023 and filed the Second Amended Complaint the following month.  [Docs. 34; 40-1 at 4.]

To determine whether a plaintiff will be significantly injured if amendment is not allowed, courts consider whether the plaintiff can "be afforded complete relief from the existing [d]efendants," *Boykin v. Spectrum Lubricants Corp.*, No. 3:13-cv-00417-MBS, 2014 WL 12631658, at *6 (D.S.C. Mar. 7, 2014), and whether the plaintiff "would be prejudiced if he were not allowed to pursue recovery via all avenues the law provides," *Williams v. Walmart Stores East, LP*, No. 5:20-cv-1090-JFA, 2021 WL 1616174, at *3 (D.S.C. Apr. 26, 2021).  Here, the Court concludes that Plaintiff will be significantly injured if amendment is not allowed because "disallowing amendment would impair and infringe upon [Plaintiff's] legal right to pursue a claim and lawsuit against a store manager under South Carolina's longstanding law associated with joint and several liability."  *Id.* (allowing amendment to add a store manager and assistant manager who were nondiverse defendants); *see Oliver-Williams v. Walmart Stores East, LP*, No. 5:20-cv-808-SAL, 2021

10

WL 267818, at *3 (D.S.C. Jan. 27, 2021) (allowing amendment to add a store manager who was a nondiverse defendant).

As for other factors bearing on the equities, as noted, Waffle House has known from the beginning of this case that Plaintiff intended to sue the manager on duty when the injury occurred and would likely amend his pleading when he discovered the identity of the person. The complete lack of surprise to Waffle House therefore is a further factor favoring allowing the amendment.

Finally, although Waffle House maintains that Mobley is a sham defendant [Doc. 39 at 4], the Court disagrees. Waffle House does not contend there has been any outright fraud by Plaintiff here. "Thus, the burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor." *Marshall*, 6 F.3d at 232–33. Here, Plaintiff specifically alleges in the Second Amended Complaint that

> Mobley actively participated in, directed and sanctioned the actions which resulted in the creation and existence of the hazardous condition and failure to warn. Further, [he] failed to exercise ordinary and reasonable supervision which would have detected the failures of the Defendants to warn of the hazardous condition and operate the premises in a reasonably safe condition.

[Doc. 34 ¶ 13.] Defendants offer no explanation for why such allegations have no possibility of establishing Mobley's liability, and the Court concludes it is conceivable that Plaintiff could demonstrate, with the benefit of discovery, that Mobley exercised sufficient control to impose on the manager a duty to inspect, warn, and maintain the premises in a safe condition to protect visitors and invitees. *See Hardrick v. Wal-Mart Stores, Inc.*,

No. 9:18-cv-01345-DCN, 2018 WL 3867805, at *3 (D.S.C. Aug. 15, 2018) (concluding that a store manager was not fraudulently joined where the plaintiff brought a negligence claim against the store manager for his failure to warn the plaintiff about a cart's danger and for continuing to use the dangerous cart in the store because it was conceivable that plaintiff could demonstrate after discovery that the manager owed a duty to the plaintiff and that the cart was a known hazard that the manager should have repaired or replaced); *see also Laing v. Truist Bank*, No. 3:20-cv-01134-JMC, 2020 WL 4462977, at *3–4 (D.S.C. Aug. 4, 2020) (discussing cases and concluding that a manager was not fraudulently joined because the plaintiff "could have [had] a cause of action for negligence against [the manager] based on a duty to warn customers of hazards on the property or a duty to inspect and maintain the grounds").

Weighing all of the factors together, the Court concludes that the amendment in question should be allowed. All indications are that Plaintiff has been diligent in seeking to discover Mobley's identity, Waffle House was well aware that Plaintiff was doing so, and there is no significant reason why he should not be allowed to add Mobley as a Defendant. Accordingly, the Court retroactively grants Plaintiff leave to amend his Amended Complaint to substitute Mobley for "John Doe, Manager" and grants Plaintiff's amended motion to remand.[3] *See* 28 U.S.C. § 1447(e); *Mayes*, 198 F.3d at 461–62; *see*

---

[3] Waffle House also maintains that the May 2023 Order allowed Plaintiff to file a renewed motion to remand only "'if facts are discovered as to the identity, citizenship, and actions or omissions of the actual manager employed at the time of Plaintiff's injury which could warrant a new challenge to the Court's jurisdiction.'" [Doc. 39 at 3 (quoting Doc. 23) (emphasis omitted).] Waffle House argues that Plaintiff has not presented such facts but has made only allegations. [*Id.* at 3–4.] However, on reply, Plaintiff points to Waffle House's interrogatory responses, which state that Mobley was the unit manager of the restaurant at the time of the incident in question and that his address is in Woodruff, South Carolina. [Docs. 40; 40-1 at 4.] The Court concludes that such evidence is sufficient to

*also Bradley v. Baltimore Police Dep't*, No. CCB-22-641, 2023 WL 6381442, at *3 n.7 (D. Md. Sept. 28, 2023) ("The court sees no compelling reason to reject [the] amended complaint, and leave to amend is retroactively granted."); *Stand Energy Corp. v. Columbia Gas Transmission Corp.*, No. 2:04-0867, 2005 WL 8159550, at *2–3 (S.D.W. Va. Jan. 6, 2005) (retroactively granting leave to amend a complaint when the amendment was no surprise to the defendants and no prejudice or bad faith was shown).

## CONCLUSION

Wherefore, based upon the foregoing, Plaintiff's amended motion to remand [Doc. 35] is GRANTED; Waffle House Inc.'s motion to dismiss and/or strike [Doc. 37] is

---

authorize a renewed motion under the May 2023 Order.  In any event, Plaintiff does not need authority from the May 2023 Order to file a motion to remand based on the joinder of a nondiverse party.  Rather, 28 U.S.C. § 1447(e) and the procedure set out in *Mayes* directly addresses this situation.

As for Mobley's argument that the Second Amended Complaint is subject to dismissal for improper process, insufficiency of service of process, and lack of personal jurisdiction under Rules 12(b)(4), 12(b)(5), and 12(b)(2) of the Federal Rules of Civil Procedure [Doc. 57-1 at 3], the Court need not address these issues because the Court lacks subject-matter jurisdiction over this action and grants Plaintiff's renewed motion to remand.  *See Dembo v. Pelican Marsh Golf Club, Inc.*, No. 6:09-1641-HFF, 2009 WL 10678156, at *5 (D.S.C. Aug. 20, 2009).  Issues of service, process, and personal jurisdiction can be addressed by the state court on remand.  *See id.*  As for Waffle House's argument that this Court is without authority to remand to state court based on the post-removal joinder of a nondiverse defendant until service is effected on the nondiverse defendant [Doc. 39 at 3], the Court knows of no reason why that would be the case, and Waffle House cites no authority to support the argument.  Once the Court permits joinder of the nondiverse party, remand to state court "becomes automatic under 28 U.S.C. § 1447(e)."  *Pryor v. D.R. Horton, Inc.*, No. 4:10-2255-TLW-SVH, 2011 WL 2036337, at *4 (D.S.C. Feb. 9, 2011), *Report and Recommendation adopted by* 2011 WL 2020737 (D.S.C. May 20, 2011).  "[S]ervice does not matter in evaluating the diversity of the parties."  *M&B Oil, Inc. v. Federated Mut. Ins. Co.*, 66 F.4th 1106, 1108 (8th Cir. 2023); *see Lukens v. Bison*, No. 5:23-cv-03882-JDA, 2024 WL 1109156, at *3 (D.S.C. Mar. 13, 2024).

13

DENIED; and Mobley's motion to dismiss and/ or strike [Doc. 57] is DENIED.  Accordingly, this action is REMANDED to the Greenville County Court of Common Pleas.

IT IS SO ORDERED.

s/Jacquelyn D. Austin<br>United States District Judge

June 18, 2024
Greenville, South Carolina